## JONES v. COMMISSIONER OF INTERNAL REVENUE, and three other cases.

Circuit Court of Appeals, Third Circuit. March 22, 1929.

Nos. 3933–3936.

Ellis Ames Ballard and William R. Spofford, both of Philadelphia, Pa., for plaintiffs.

Mabel Walker Willebrandt, Asst. Atty. Gen., and Sewall Key and Morton P. Fisher, Sp. Asst. Attys. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., of counsel), for defendant.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. The pertinent facts in this case are that stockholders, who had substantially the same holdings in two affiliated corporations which had the same officials and office employees, joined in selling their stock to other parties for $3,029,400. This sum was deposited with a trust company for them, and by their consent was paid out by the trust company as follows: $9,822.25 for expenses incident to the sale of the stock; $2,719,517.75, representing the 46,687 shares of the selling stockholders at $58.25 per share, to the stockholders. The residue of $300,000 was distributed to the two companies' administrative staff, which included every one from president to stenographers. The question involved is whether this $300,000 was a nontaxable gift or taxable income. The Tax Board held it was income, and the taxpayers here concerned appealed.

The situation was that an unexpected good sale was being made of the coal, rail-

roads, and mines. The administrative staff had been long employed, and it was felt that with the change of ownership they would lose their positions. It was at first thought they should and could be paid something by the companies, but it was determined the directors could not gratuitously dispose of the corporation's assets at the expense of the stockholders, for, as found by the Tax Board, none of these employees had anything whatever to do with securing a purchaser for the properties. But when later the stockholders individually, and without obligation on their part, or any consideration then or theretofore received or rendered them, chose, in recognition of the past faithful work of the staff, to gratuitously give them this financial recognition, and in doing so took from their own pockets and not from the assets of the companies, we are clear the gratuity thus bestowed was a gift, and that the case of Noel v. Parrott (C. C. A.) 15 F.(2d) 669, on which the Commission based its ruling, was different in its facts. There, its assets were paid out by the company, and such disbursement claimed by it as a salary deduction from its gross income. This is well stated in the dissenting opinion of Mr. Green, of the Tax Board, who says: "Here, contrary to the situation in the Parrott Case, there was no diminution of corporate assets as the result of the payment. Here it was clear that the corporation would continue in existence, and equally clear that there were no secret profits such as the Circuit Court said might have been present in the Parrott Case. Here it is clear that the amounts paid were not in satisfaction of any obligation of the corporation because clearly all obligations to the employees had been fully satisfied."

Being of opinion that, under the facts, the money paid in the present instance was a gift, the order of the Tax Board is reversed.