**BLAIR, Commissioner of Internal Revenue, v. ROSSETER.**

Circuit Court of Appeals, Ninth Circuit. June 17, 1929.

No. 5724.

Mabel Walker Willebrandt, Asst. Atty. Gen., and J. Louis Monarch, Sp. Asst. to the Atty. Gen. (C. M. Charest, General Counsel, and Shelby S. Faulkner, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for petitioner.

Hugh Goodfellow and Hillyer Brown, both of San Francisco, Cal. (Orrick, Palmer & Dahlquist and Christopher M. Jenks, all of San Francisco, Cal., of counsel), for respondent.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

RUDKIN, Circuit Judge. This is a proceeding to review an order or decision of the United States Board of Tax Appeals. From 1910 to 1920 the respondent was president of the Sperry Flour Company. During that period, he devoted about one-fourth of his time to the service of the company, and was paid an annual salary of $6,000 in full compensation for such service. On August 16, 1920, the stockholders of the company, by unanimous vote, instructed the board of directors to authorize the payment of $50,000 to the respondent as a gift in recognition of his able and successful direction of the affairs of the company during the past ten years. Pursuant to this authorization, the board of directors directed the payment of the above amount to the respondent in accordance with the resolution of the stockholders. On August 17, 1920, the money was paid by the corporation as directed, and was charged to its surplus account. On the foregoing facts, the Board of Tax Appeals found that the payment was a gift, not subject to income tax. The Commissioner of Internal Revenue filed the present petition for review, contending that the payment was taxable income for the year 1920.

A gift is generally defined as a voluntary transfer of property by one to another, without any consideration or compensation therefor. 28 C. J. 620. The payment here in controversy was denominated a gift by both stockholders and directors; it was without consideration or compensation, and we think it must be conceded that it has all the earmarks of a gift or windfall. The Commissioner seems to contend that there was a consideration for the payment, but manifestly an agreement on the part of a corporation to pay additional compensation to its president for services performed over a period of ten years for which he had already

been fully compensated is without consideration and void. Alaska Packers' Ass'n v. Domenico (C. C. A.) 117 F. 99.

If the agreement had remained executory, no court would enforce it; if the corporation was insolvent at the time, no court would refuse to set the transaction aside at the suit of a creditor or a trustee in bankruptcy, and, if the corporation had attempted to deduct the amount of the payment from its gross income for tax purposes, we have little doubt that the government could successfully contest its right to do so. It is said that the corporation paid no income tax for the year in question, but, if that be true, it would in nowise change the nature of the transaction.

Again, it is said that the decision of the Board of Tax Appeals is opposed to the decision of the Circuit Court of Appeals for the Fourth Circuit in Noel v. Parrott, 15 F. (2d) 669. The cases have little in common. In the Noel Case the corporation treated the payments as salaries, not as gifts, and in its income tax return for the year deducted the several amounts as salary deductions from its gross income. The directors there were without authority to make a gift of the property of the corporation, and, in addition to all this, the court found that there was a consideration for the payments aside from past services already compensated for. On the other hand, the decision of the Board of Tax Appeals finds direct support in Jones v. Commissioner of Internal Revenue (C. C. A.) 31 F.(2d) 755, where it was held that a part of the proceeds of a sale of stock distributed to the administrative staff of corporations, without obligation on the part of the stockholders, or any consideration other than recognition of past faithful services, constituted a gift, and not taxable income.

For these reasons, we are of opinion that the payment to the respondent was a gift within the accepted meaning of that term, and the decision of the Board of Tax Appeals is accordingly affirmed.