## LUNSFORD v. COMMISSIONER OF INTERNAL REVENUE.

### No. 6070.

Circuit Court of Appeals, Sixth Circuit.

Jan. 10, 1933.

J. R. Schindel, of Cincinnati, Ohio (Morison R. Waite and Herbert Shaffer, both of Cincinnati, Ohio, on the brief), for petitioner.

Carlton Fox, of Washington, D. C. (G. A. Youngquist, Asst. Atty. Gen., and Sewall Key, C. M. Charest, and C. H. Curl, all of Washington, D. C., on the brief), for respondent.

Before MOORMAN, HICKENLOOPER, and SIMONS, Circuit Judges.

SIMONS, Circuit Judge.

The petitioner seeks to set aside a decision of the United States Board of Tax Appeals

redetermining a deficiency in income taxes for the year 1923 assessed by the respondent upon the income of petitioner's decedent, Abner Lunsford. The controversy relates to a payment of $50,000 made to Lunsford in the taxable year by the Pond Creek Coal Company. The petitioner maintains that the payment was a gift. The Commissioner treated it as taxable income.

The facts, sufficiently stated for our purpose, are as follows: On December 30, 1922, the Fordson Coal Company, a corporation controlled by Ford Motor Company, purchased the properties of the Pond Creek Coal Company for $8,500,000. The purchaser was represented in the transaction by Lunsford, manager of its Kentucky properties, with an annual salary of $16,500. The seller was represented by R. C. McVeigh, its vice president. Lunsford was never an employee of the seller. After the sale was completed and the consideration therefor paid, the board of directors of the Pond Creek Coal Company, on February 15, 1923, voted to pay Lunsford $50,000 as a gift, when and if such payment had the approval of the Ford Motor Company. In pursuance of the action of his board of directors, McVeigh wrote Lunsford on February 20th, informing him of the action taken, and giving as the reason therefor that the business relations between the parties had been so exceedingly pleasant that in token of friendship and esteem his company would like to remember Lunsford with some memento in connection with the transaction, and would appreciate prompt advice as to whether or not this met with the approval of the Ford Motor Company. The original letter was returned to McVeigh by Lunsford with a notation thereon that it was "O. K." signed by Edsel B. Ford. On February 28th a check for $50,000 was mailed to Lunsford. In the accompanying letter he was advised that the sender was handling the matter upon its records as a gift; that it would not report it as an expense in its tax return for 1923, and advised him not to include it as income in his personal return.

The payment to Lunsford was not claimed by the Pond Creek Coal Company as a deduction in its 1923 return, though disclosed to the collector by an information return. In his individual tax return for 1923, Lunsford also disclosed receipt of $50,000, but did not return it as income, and paid no tax thereon. The Commissioner in auditing the return of the Pond Creek Coal Company refused to recognize the payment to Lunsford as a gift, but treated it as compensation or salary, and as a deductible expense of the Pond Creek Coal Company. The overassessment resulting was covered by a check to the Pond Creek Coal Company, which it accepted without, however, filing an amended return.

The Board specifically found that Lunsford, neither prior to the sale of the properties nor thereafter, demanded, requested, or suggested that anything be paid him by the Pond Creek Coal Company on account of his connection with the sale of its property; that neither the Pond Creek Coal Company nor any one connected with it agreed to pay, or promised that anything would be paid, Lunsford by reason of his part in negotiating or aiding in effecting the sale, but concluded that the evidence did not overcome the presumption that the Commissioner's determination was correct, and entered the order here sought to be reviewed.

The applicable statute, section 213, of the Revenue Act of 1921 (42 Stat. 237), defines gross income to include income derived from compensation for personal service, but not to include the value of property acquired by gift. It has been said that whether a payment in a given case is taxable compensation, or a gift exempt from tax, depends upon the intention of the parties, particularly that of the employer, to be determined from the facts and circumstances surrounding the transaction. Fisher v. Commissioner, 59 F.(2d) 192 (C. C. A. 2). The mere fact that payment for services by an employer is entirely voluntary does not necessarily mean that such payment is not compensation within the statute. Old Colony Trust Company v. Commissioner, 279 U. S. 716, 49 S. Ct. 499, 73 L. Ed. 918; Noel v. Parrott, 15 F.(2d) 669 (C. C. A. 4). Even where compensation has been voluntarily paid to an employee for services rendered in prior years, it has been held that an employer may deduct as a business expense so much thereof as is reasonable compensation for services rendered. Such payments have been referred to as "bonuses," and as "added compensation," and have been frequently recognized as taxable income to the employee. Fisher v. Commissioner, supra; Noel v. Parrott, supra; Schumacher v. United States (Ct. Cl.) 55 F.(2d) 1007; Weagant v. Bowers, 57 F.(2d) 679 (C. C. A. 2). On the other hand, voluntary payments made to employees without any obligation to do so, or in consideration of past services already compensated for by salary, have been held to be gifts, and not taxable income to the payee. Jones v. Commissioner, 31 F.(2d) 755 (C. C. A. 3); Blair v. Rosseter, 33 F.(2d) 286 (C. C. A. 9).

742

■ If the above cases are to be reconciled, it is perhaps on the ground stated in the Fisher case that whether payment is a gift or compensation depends upon the intention of the parties, and especially that of the employer in each particular case. We do not, however, undertake to reconcile the holdings either on that ground or any other. We have here no relationship of employer and employee. The record is entirely barren of any proof of services performed by the taxpayer for the donor, either concurrently with the transaction involved or in previous years, and there is no promise, either express or implied, for future services. The evidence clearly and convincingly shows that there was no obligation and no consideration for. the gratuity, either past, present, or prospective, and there is no evidence contra, substantial or otherwise. The only theory upon which the deficiency was determined by the respondent and upheld by the Board seems to be that reference in the Pond Creek Coal Company's letter to the taxpayer's connection with the transaction between it and the Ford Motor Company somehow implies a service rendered to the Pond Creek Coal Company, clearly a non sequitur. Nothing else is found in the record to warrant such conclusion, and all of the evidence, oral and documentary, denies it. At most, the Board's finding rests upon mere suspicion, upon an inference that generosity of the kind here involved is so rare that it must necessarily from that fact alone be suspected.

We have repeatedly held that the taxpayer has made out his case when he has put in proofs "clearly and distinctly tending to show" a determinating fact. Rookwood Pottery Company v. Commissioner (C. C. A.) 45 F.(2d) 43; Pioneer Pole & Shaft Company v. Commissioner (C. C. A.) 55 F.(2d) 861. The presumption that the Commissioner is right is procedural and cannot survive such proofs unless they are challenged by contrary proofs, or destructive analysis, and we have gone so far as to say that the taxpayer's affirmative evidence may itself contain the necessary challenge and furnish the material for such analysis. Crowell v. Commissioner (C. C. A.) 62 F.(2d) 51, decided December 6, 1932. There is nothing of that sort here. There are no contrary proofs, and no reasonable inference can be drawn from the taxpayer's proofs to support the respondent's position. The record is clear that the payment to the taxpayer was a gift. The holding of the Commissioner and the Board to the contrary is clearly arbitrary, and must be set aside.

This conclusion is not weakened by the fact that there is no evidence in the record that the stockholders authorized or approved the gift. We have already indicated that the record clearly shows that no services were rendered the Pond Creek Coal Company, and that the payment was not compensation. That being so, it was either a gift or it was not a gift; that is, the money either belonged to the donee after its presentation or it did not. · If it did not, and could be recovered back in a suit by creditors or stockholders, it was not his, and it must follow that no taxable income resulted. The alternative inference that if it was not a gift because not authorized, it must, therefore, without anything more be construed as compensation, is supported neither by the evidence nor by reason. There is here no such situation as in Noel v. Parrott, supra. There distribution was made to employees. The problem was to determine whether, upon evidence supporting both theories, the distribution was compensatory or gratuitous. As an aid to decision the court invoked a presumption that distribution was made for an authorized rather than an unauthorized purpose. No such problem is here presented, and we find it unnecessary to determine whether the authority of the Board can be questioned by the respondent.

It follows from what we have said that the order of the Board of Tax Appeals is set aside, and the case remanded for further proceedings consistent herewith.