## CUNNINGHAM v. COMMISSIONER OF INTERNAL REVENUE.

### No. 5099.

Circuit Court of Appeals, Third Circuit.

Sept. 21, 1933.

Randolph W. Childs, of Philadelphia, Pa., for petitioner.

Sewall Key and John G. Remey, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and W. R. Lansford, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

In this case, it appears the taxpayer, a resident of Philadelphia, had served as president of a Canadian company at a salary of $15,000 a year. The stock of the company was purchased by Canadian interests and a new set of directors elected by these new owners. Thereupon the president resigned. The reason for his so doing he thus stated: "I resigned because control of the stock of the Lake Superior corporation had apparently passed to Canadians. The Bank of Montreal was banker for the corporation and shortly before the meeting of March 27, 1928 I had an intimation of the bank that they would be pleased if I was to resign as president and allow a Canadian to take my place. ⁂ * * I would not have resigned if the bank hadn't requested it, but when it looked important to the company that I should resign, I immediately acquiesced."

It will thus appear that the taxpayer very properly recognized the propriety of the company having a president who was in touch with the new owners, and that the matter was of such importance that the company's bank so let him know. His conduct was highly commendable, and his voluntary resignation evidently so impressed the board that, after accepting his resignation, a resolution was adopted as follows: "Resolved that in appreciation of Mr. Cunningham's excellent guidance of this Corporation through times of difficulty and depression a sum of $15,000 be, and is hereby, awarded to Mr. Cunningham as an honorarium, said sum to be payable forthwith."

The taxpayer was not present when this action was taken. The company was under no obligation to pay him. He had performed no service other than the duties of his office, for which he had been paid. The money was "awarded" to him; it was called an "honorarium," and that word, in common understanding, means voluntary reward for that for which no remuneration could be collected by law. It is clear to us that the money was a gift, a voluntary honorarium, and was freely given without any legal liability existing to necessitate such payment. It was so treated by the board of directors, and their having their stockholders ratify their action evidences the board's view that their gift of the stockholders' money should have the latter's approval.

We therefore hold the taxing authorities erred in holding this was not a gift. The record will therefore be remanded for due procedure in accord with this opinion.