OPINION. Hice, Judge: Petitioner claims that the sums paid to her by the Hellstrom Corporation in 1952 were a gift. As indicated by our findings, we agree that such sums were a gift and, hence, excludible from her gross income in that year. The substance of the respondent’s argument and the basis of his determination is his Ruling I. T. 4027,1950-2 C. B. 9,11, which states “that payments made by an employer to the widow of a deceased officer or employee, in consideration of services rendered by the officer or employee, are includible in the gross income of the widow for Federal tax purposes.” He argues that the intent of the board of directors of the corporation was that the payments in question were “in recognition for the services rendered to this corporation for many years” by petitioner’s husband, and that the words, “in recognition” are equivalent to “in consideration” within the meaning of his regulation. We think this argument is nothing more than an argument in semantics. Obviously, where a voluntary payment is made by a corporation to the widow of a deceased employee, the basic reason for the payment is because of the deceased employee’s past association with the corporation. We think it makes little difference how the corporation formally expresses its motives for the payment. Where such payment is a gift, as the whole record here establishes that the payments in question were, it remains a gift regardless of the fact that the corporation may state its reasons for making the payment were “because of” or “in recognition of” or “in consideration of” the services of the deceased employee. This seems to us the only sensible construction of the Supreme Court’s language in Bogardus v. Commissioner, 302 U. S. 34, 44 (1937), wherein it said that a gift is none the less a gift because inspired by gratitude for past faithful services. We think the result reached herein is amply supported by our previous holdings in Louise K. Aprill, 13 T. C. 707 (1949), and Alice M. MacFarlane, 19 T. C. 9 (1952). The respondent argues that the above-cited cases are not controlling here because decided prior to his promulgation of I. T. 4027, supra. We, however, do not ascribe the far-reaching effect to that ruling which he does. We understand his ruling to mean that if the amounts paid to a deceased employee’s widow were not a gift, but were payment for his past services, they constitute ordinary income to the widow. The respondent, obviously, cannot by administrative ruling tax as ordinary income a payment which the payor made and intended as a gift. In view of the other evidence in the record, we attach no particular significance to the fact that the corporation claimed deductions on its returns for the amount paid to petitioner. Nor do we attach any significance to the fact that the amount paid to her was the amount of salary her husband would have drawn had he lived. Alice M. MacFarlane, supra. Gifts to widows of deceased employees are frequently determined by the amount of salary which the employee drew or would have drawn. We think the controlling facts here which establish the payment in question as a gift are that the payment was made to petitioner and not to her husband’s estate; that there was no obligation on the part of the corporation to pay any additional compensation to petitioner’s husband; it derived no benefit from the payment; petitioner performed no services for the corporation and, as heretofore noted, those of her husband had been fully compensated for. We think the principal motive of the corporation in making the payment was its desire to do an act of kindness for petitioner. The payment, therefore, was a gift to her and not taxable income. Decision wül be entered that there is no deficiency and that there is an overpayment of tax in the amount of $113.51f, for the year 1952.