Ethel Gregg Mann v. Commissioner. Blanche C. Chapman v. Commissioner.
Mann v. Commissioner
Docket Nos. 58433, 58439.
United States Tax Court
T.C. Memo 1957-49; 1957 Tax Ct. Memo LEXIS 201; 16 T.C.M. (CCH) 212; T.C.M. (RIA) 57049; March 28, 1957
*201 Held, voluntary payments by a corporation to the widows of deceased officers, which payments were intended as gifts and were subject to termination, modification or reduction at any time by the corporation, are not includible in the gross income of the widows. W. R. Wallace, Jr., Esq., Shell Building, San Francisco, Calif., for the petitioners. William F. Chapman, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: The respondent determined deficiencies in income tax of petitioners for years and in amounts as follows: Docket
Petitioner
No.
Year
Deficiency
Ethel Gregg Mann
58433
1951
$5,283.83
1952
5,926.28
1953
5,883.95
Blanche C. Chapman
58439
1951
$1,496.20
1952
1,616.45
1953
1,621.45 The disallowance of a medical deduction by respondent as to the year 1953 in Docket No. 58433 is uncontested. Each of the petitioners filed individual tax returns for the year 1951 with the then collector of internal revenue for the second district of New York and for the years 1952 and 1953 with the director of internal revenue, Lower Manhattan district, New York. We adopt the stipulations *202 of facts filed by the respective parties in each of these cases. Additional facts were adduced at the hearing. The sole issue is whether the petitioners are taxable on certain payments made by Grace Line, Inc., which payments, petitioners claim, were gifts from the corporation. [Findings of Fact] Petitioner Ethel Gregg Mann is the widow of Daulton Mann who died May 15, 1941. Petitioner Blanche C. Chapman is the widow of John W. Chapman who died September 8, 1945. At the time of his death, Mann was employed by Grace Line, Inc., as executive vice president of the corporation. Chapman, prior to his death, held the position with Grace Line, Inc., of vice president. For some years previous to death, the salaries of the deceased officers were limited to $25,000 per year by the Maritime Commission. Neither Mann nor Chapman owned shares of stock in Grace Line, Inc. Mann owned 56 shares of common stock of W. R. Grace & Co., the parent company which owned all of the stock of Grace Line, Inc. Upon the death of the husbands, the corporation, Grace Line, Inc., took appropriate steps to pay the widows at the pleasure of the company the sum of $12,000 per year as to Mann and $6,000 per year *203 as to Chapman. There was no contract of any kind covering the payments and the corporation could have ceased, modified or reduced the payments at any time. Neither petitioner has ever been employed by Grace Line, Inc., and neither has ever rendered any services to such company. Grace Line, Inc., during all the years in question, claimed the amounts paid to petitioners as deductions on its tax returns under the heading of "General and Administrative Expenses." Except for certain relatively small sums incident to the employment of the deceased husbands and unpaid at the time of their deaths, Grace Line, Inc., owed nothing to either petitioner or her deceased husband. Neither Mann nor Chapman left an estate of substantial size and in each case the widowed taxpayer had a monthly income of approximately $125 to $150 per month. Grace Line, Inc., never received any benefit from the payments made to the surviving widows of the deceased officers. The payments of $1,000 and $500 per month, here involved, were gratuitous payments of the corporation in the nature of gifts to the widows. Opinion The last finding above made substantially disposes of the issue in these cases. A *204 voluntary payment, intended as a gift, by a corporation to the widow of a deceased officer or a key employee of a corporation is not taxable income to the widow. Louise K. Aprill, 13 T.C. 707; Alice M. Macfarlane, 19 T.C. 9. This conclusion is true although the voluntary payments were in recognition of the deceased employee's services to the corporation. Estate of Arthur W. Hellstrom, 24 T.C. 916. On the issue here involved, the contention of the taxpayers is sustained. Decisions will be entered under Rule 50.