OPINION. MuRdock, Judge: Cases holding amounts taxable as income to a widow under section 126 of the Internal Revenue Code are not in point since the Commissioner does not mention and is not relying upon section 126. Perhaps his view is that the amounts here in question were includible in the income of the decedent for some period during his lifetime. Cf. J. Ungar, Inc. v. Commissioner, 244 F. 2d 90 affirming 26 T. C. 331, where it was held that anticipatory assignments were income to the assignor when the amount involved was “earned.” The amounts here involved were earned by the husband prior to May 23, 1927, and his right to them was assignable at that time. See also Helvering v. Eubank, 311 U. S. 122. The Commissioner no longer claims that these payments were annuities (cf. Sheldon Tauber, 24 T. C. 179), but relies primarily upon Flarsheim v. United States, 156 F. 2d 105, and his I. T. 4027, 1950-2 C. B. 9. This Court refused to apply I. T. 4027 in Estate of Arthur W. Hellstrom, 24 T. C. 916. A corporate employer in that case paid to the widow of the deceased employee the equivalent of the salary which he would have drawn had he lived for the remainder of the year. This Court held that the payment was a gift. Cases such as that, involving voluntary payments to a widow after the death of her employee-husband, are not in point here since both parties recognize that the payments here in question were made pursuant to a contract. The Flarsheim case is also distinguishable on its facts. The decedent there agreed to work for the corporation after the execution of the contract in consideration of its agreement to pay an amount annually to his wife for life after his death. Here the amounts in controversy had been earned by the decedent prior to the time he entered into the contracts with the corporation, the amounts were due him at that time, no further services were to be performed in consideration of the payment of those amounts to his wife after his death, and he had assignable rights in the amount due him. The present petitioner never rendered any services to the payor company. She received the right to the money in question from her husband as a gift or as a property settlement, and in either case it is not proper, under the circumstances of this case, to tax the receipt of that money as income to her. Decision will be entered umder Bule 50.