ALEX AND DORIS SILVERMAN, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 63265. Filed August 28, 1957.

John A. Ross, *Esq.*, for the petitioners.
Claude R. Sanders, *Esq.*, for the respondent.

## OPINION.

HARRON, *Judge:* The question to be decided is whether Alex Silverman realized additional income in the taxable year in the amount of $3,204.01 which was disbursed by his employer, a corporation, for his wife's traveling and subsistence expenses when she accompanied him on a trip he was directed to take in pursuit of his employer's business. Alex is a stockholder of the corporation, and an officer and director.

Respondent contends, first, that the amount in dispute constituted additional compensation of Alex for which he rendered services; or,

in the alternative, that it constituted a constructive dividend to Alex as a payment by the corporation to him or in his behalf, either directly for his benefit or for the benefit of a member of his immediate family. Respondent makes an alternative argument that the payment was reimbursement for travel expenses which Alex was required to include in his gross income, for which deduction is not allowable to him because his wife's traveling and subsistence expenses were not incurred in pursuit of a trade or business.

Petitioners contend that the payment was a wedding gift of the corporation to Doris and is, therefore, to be excluded from gross income under the provisions of section 22 (b) (3), 1939 Code.

Consideration is given first to principles which apply to the traveling and subsistence expenses of an employee's wife who goes with him on a trip which he takes in pursuit of his employer's business, and to the status for taxation of expenditures made by an employer for the benefit or personal use of an employee or a member of his family.

It is well established that amounts expended by a taxpayer for the purpose of having his wife accompany him on a business trip where the wife's presence did not serve a bona fide business purpose represent nondeductible personal expenses under the provisions of section 24 (a) (1), 1939 Code. *Leland D. Webb*, 1 B. T. A. 759; *George W. Megeath, et al.*, 5 B. T. A. 1274, 1287; *Walter Schmidt*, 11 B. T. A. 1199; Regs. 118, sec. 39.24 (a)-1, and sec. 39.23 (a)-2; Rev. Rul. 55-57, 1955-1 C. B. 315. If such personal expenses as the wife's traveling expenses are paid by the employer directly or under reimbursement, they are not deductible by the husband-employee as business expenses or traveling expenses while away from home in the pursuit of business, notwithstanding such payment by the employer. *Baxter D. McClain*, 2 B. T. A. 726.

It is also well settled that where funds of a corporation are disbursed for the personal use or economic benefit of a stockholder or his immediate family, there being no intention of repayment, the amounts so disbursed are either the equivalent of corporate distributions or additional compensation for services (depending upon the facts and circumstances), especially in the case of dealings between closely held corporations and their stockholders. *Casper Ranger Construction Co.*, 1 B. T. A. 942; *L. J. Christopher*, 13 B. T. A. 729, affd. 55 F. 2d 527; *C. W. Murchison*, 32 B. T. A. 32; *Ned Wayburn*, 32 B. T. A. 813, 816; *Charles A. Rogers*, 38 B. T. A. 16, 22, affd. 111 F. 2d 987; *Jesse S. Rinehart*, 18 T. C. 672; *Louis Greenspon*, 23 T. C. 138, 151, reversed on other grounds 229 F. 2d 947; *Oreste Casale*, 26 T. C. 1020, 1024; *Commissioner* v. *Bonwit*, 87 F. 2d 764, certiorari denied *Bonwit* v. *Helvering*, 302 U. S. 694; *Paramount-Richards Theatres, Inc.* v. *Commissioner*, 153 F. 2d 602; *Lash* v. *United States*, 221 F. 2d 237, certiorari denied 350 U. S. 826.

In the instant case, it is admitted that Doris's presence during the business trip of Alex had no business purpose and that the trip involved the wedding trip of Alex and Doris. There is testimony of Milton, the president and majority stockholder of the corporation, that Alex expressed objections to taking the trip abroad and that Milton offered the arrangement of having Doris accompany Alex at no expense to him as an inducement to Alex to agree to go. Alex was an employee of the corporation. Under all of the circumstances there is a strong presumption that the payment of Doris's traveling and subsistence expenses represented a bonus or additional compensation to Alex for his services to the corporation in going on a business trip at the particular time. Under the authorities above cited it would be held that the payment by the corporation, being for the personal use and economic benefit of Alex and a member of his immediate family, constituted income to Alex, unless petitioners have succeeded in their burden of proving that the corporation made a gift, as they contend.

Whether a payment is a gift depends, first, on the intention of the alleged donor. *Schumacher* v. *United States*, 55 F. 2d 1007, and cases cited. Other elements which may be considered are the donor's competency to make a gift, the absence of consideration as that term has been defined for these purposes, the existence of a donee, delivery, and the donee's acceptance. *Botchford* v. *Commissioner*, 81 F. 2d 914.

A great many cases have dealt with the distinction between a gift and income but in each case a number of factors were weighed and the particular circumstances were examined to determine the true intent of the alleged donor, so that it is difficult to extract from the variety of conclusions reached sound generalizations.[1] In determining whether a payment by a corporation is a gift or represents something else, such as dividends, compensation for services, repayment of a loan, or rent, no particular factor is controlling, such as calling a payment a gift or making a voluntary payment. *Noel* v. *Parrott*, 15 F. 2d 669, certiorari denied 273 U. S. 754; *Wallace* v. *Commissioner*, 219 F. 2d 855, 857; *Nickelsburg* v. *Commissioner*, 154 F. 2d 70; *N. H. Van Sicklen, Jr.*, 33 B. T. A. 544, 547; *Michael Laurie*, 12 T. C. 86, 89.

In this case there was no formal authorization of a gift from the corporation to Doris by the directors, no approval of a gift by the stockholders, no corporate record showing that the payment was considered by the corporation as a gift, and no delivery to or acceptance by Doris, the alleged donee, of anything evidencing a gift. Doris did not testify. There is no evidence that she received any payment as her own, subject to her complete dominion and control.

---

[1] The following cases are illustrative of the factors and circumstances which are relevant to making a determination of whether a payment is a gift or represents something else: *John Kelley Co.* v. *Commissioner*, 326 U. S. 521; *Limericks, Inc.* v. *Commissioner*, 165 F. 2d 483; *Commissioner* v. *Greenspun*, 156 F. 2d 917; *Fisher* v. *Commissioner*, 59 F. 2d 192.

As far as the record shows, Milton, or Alex, or both made all the arrangements. There is no evidence that Doris was consulted or participated in them. On its books, the corporation treated the disbursement for Doris's trip in the same way as the payment for Alex's trip; both were charged to travel expenses on the books and both were included in business expense deductions in the corporation's income tax return. The lack of directors' authorization or stockholders' approval of a gift of corporate funds creates an assumption that a gift was not intended. *Noel* v. *Parrott, supra; Commissioner* v. *Bonwit, supra; Botchford* v. *Commissioner, supra.* The mere fact that Milton, the corporation's president, approved the disbursement of a "gift" does not warrant the conclusion that there was stockholder approval. *L. Gordon Walker*, 25 T. C. 832. The corporation's treatment of the disbursement as an expense on its books and tax return is evidence that the corporation did not regard it as a gift. *Arthur L. Lougee*, 26 B. T. A. 23, 26, affd. 63 F. 2d 112; *James H. Anderson*, 31 B. T. A. 197, affd. 79 F. 2d 979; *Ephraim Banks*, 17 T. C. 1386, 1391; *L. Gordon Walker, supra; Botchford* v. *Commissioner, supra; Commissioner* v. *Bonwit, supra; Willkie* v. *Commissioner*, 127 F. 2d 953, 956, certiorari denied 317 U. S. 659; *Poorman* v. *Commissioner*, 131 F. 2d 946. Cf. *Blair* v. *Rosseter*, 33 F. 2d 286, and *Cunningham* v. *Commissioner*, 67 F. 2d 205, in both of which cases the corporation considered and, by corporate action, treated payments as gifts.

The record shows that the corporation made the disbursement for Doris's traveling expenses voluntarily but that factor alone does not prove that a gift was intended. It is settled, for example, that a payment may be compensation for services (here, the husband's) although it is made voluntarily and without legal obligation. *Old Colony Tr. Co.* v. *Commissioner*, 279 U. S. 716, 730; *Walker* v. *Commissioner*, 88 F. 2d 61, 62; *Willkie* v. *Commissioner, supra.*

There is testimony of Milton that he told Alex that the corporation, Central Bag Co., would make a gift to Doris of the trip abroad "providing he [Alex] would go." Alex testified to the same effect, and he stated that he did not make the payment of Doris's expenses by the corporation a condition for his going abroad. He also testified that Milton stated that the corporation would make a gift to Doris, not to himself. Consideration has been given to all of the testimony. To the extent that the testimony of Milton and Alex can be understood as meaning that the president of the corporation, speaking for it, stated that a gift to Doris would be made, it is in conflict with the corporation's treatment of the disbursement on its books and tax return, and we must determine whether in the light of the entire record we can find that the corporation intended to make a gift.

Milton's testimony clearly shows that he considered it necessary to make an offer which would persuade Alex to go abroad, and that he suggested that the corporation would make a "gift" of a trip abroad to Doris, provided Alex would go. Such condition as Milton expressed must be regarded as denoting that consideration was received by the corporation consisting of Alex's agreement to undertake the trip, and that such agreement was the result of bargaining. An essential characteristic of a gift is that no consideration is received for a transfer of property. But, if we are incorrect in our understanding of the meaning of Milton's testimony and, instead, regard it as having a meaning entirely favorable to petitioners' contention, we are confronted with the unfavorable factors, already noted, namely, the lack of corporate authorization of a gift, the lack of the corporation's treatment of the disbursement as a gift on its books, and the lack of acceptance by the donee, Doris. Furthermore, as the court pointed out in *Noel* v. *Parrott, supra,* a corporation's directors are without authority to give away its assets and it must be assumed that they have not misapplied corporate funds in violation of their trust. We cannot resolve what may be a conflict between the testimony of the corporation's president and the evidence before us of the corporation's intent, as shown by its books, by imputing to the directors of the corporation an intention to do that which, if done, would constitute an unlawful application of the corporation's funds. Rather, in applying the test of competency to make a gift, we must assume that what was done was done according to law.

It is noted at this point that Central Bag Co. was a closely held, family owned corporation in which Milton and his family owned a majority of the stock. Alex, besides being an employee, was a stockholder, an officer, and a director. Milton, without doubt, had control over the disbursement of the corporation's funds. Under such circumstances, the corporation's payment of funds for the personal use of Alex's wife, which also was of economic benefit to him, must be shown to have been a disbursement which satisfied all of the legal requirements of a gift. The proof should be very clear and certain that a bona fide gift was made by the corporation, applying all of the tests as they would be applied in dealings between a corporation and an individual dealing at arm's length. See *Wilhelmina Dauth,* 42 B. T. A. 1181, 1189. Otherwise, the opportunity for abuse would be great.

The provisions of section 22 (b) (3) dealing with exclusions from gross income are almost in verbal conflict with the far-reaching scope of section 22 (a).[2] Provisions granting exemption from tax are to be

---

[2] SEC. 22. GROSS INCOME.

(a) GENERAL DEFINITION.—"Gross income" includes gains, profits, and income derived from salaries, wages, or compensation for personal service * * *, of whatever kind and in whatever form paid, * * *; also from interest, rent, dividends, securities, or the

strictly construed. *Helvering* v. *Northwest Steel Rolling Mills, Inc.*, 311 U. S. 46; *Commissioner* v. *Jacobson*, 336 U. S. 28. Furthermore, the provisions of section 22 (a) were intended to be far-reaching. *Commissioner* v. *Smith*, 324 U. S. 177, 181; *Commissioner* v. *Wilcox*, 327 U. S. 404; *Commissioner* v. *Glenshaw Glass Co.*, 348 U. S. 426. The weight of authority, much of which has been cited above, indicates that section 22 (b) (3), exempting gifts from tax, should not be construed liberally in favor of one claiming the exemption, but in such way as to give section 22 (a) its proper effect. *Noel* v. *Parrott*, *supra*.

Upon consideration of all of the evidence, it is concluded that the corporation did not intend to make a gift of the payment in question to Doris, and that no gift was made.

Whether the disbursement represented additional compensation to Alex for his services to the corporation in going abroad in pursuit of its business, or constituted a distribution of earnings of the corporation involves making an unnecessary distinction and characterization. In either event, Alex realized income. Upon the record here, either conclusion could be reached with equal validity. Since Alex rendered services to the corporation in taking the trip, it is reasonable to conclude that the corporation's payment of the traveling and subsistence expenses of his wife which, otherwise, he was obligated to pay if he took his wife on the trip, represented a bonus and additional compensation to him. See *Commissioner* v. *Smith*, *supra; Willkie* v. *Commissioner*, *supra; Poorman* v. *Commissioner*, *supra*. Or, under the rule that the application of a corporation's funds for the payment of the personal expenses of a stockholder, where there is no intention of repayment, constitutes the equivalent of a corporate distribution, it is equally proper to hold that the disputed payment represented an informal and constructive dividend to Alex. See *Louis Greenspon*, *supra*, 151, 152, and the cases cited.

Respondent's determination that Alex realized income from the corporation in the amount of $3,204.01 is sustained.

Petitioners rely upon *Estate of Arthur W. Hellstrom*, 24 T. C. 916. On its facts, that case is distinguishable, and it does not support petitioners' contentions in the instant proceeding. The *Hellstrom* case involved the payment by a corporation to the widow of a deceased officer-employee; her deceased husband's services had been fully compensated for; the payment was authorized by the directors; and the facts established that the corporation made a gift. As has

---

transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever. * * *

(b) EXCLUSIONS FROM GROSS INCOME.—The following items shall not be included in gross income and shall be exempt from taxation under this chapter:

*     *     *     *     *     *     *

(3) GIFTS, BEQUESTS, DEVISES, AND INHERITANCES.—The value of property acquired by gift, * * *

been pointed out above, in determining whether a payment is a gift or represents income, no single factor, or group, is controlling, and since in each case the facts and circumstances must be analyzed, generalizations from the conclusions reached in various cases are not readily made.

Petitioners also rely on some dicta in *Haverhill Shoe Novelty Co.*, 15 T. C. 517, 520, which was stated in respect of the point that deductions for gifts are not allowable except gifts to religious, charitable, or educational corporations. Where a corporation makes disbursements which are not deductible as business expenses, the fact that deduction is not allowable does not in itself establish that the disbursements were intended to be, or were, gifts. A taxpayer who claims that disbursements by a corporation for his personal use or benefit constituted gifts, ordinarily has the burden of proving that there was a gift. There is no presumption in favor of a gift. The dicta in *Haverhill Shoe Novelty Co.* to which petitioners refer was not intended to be opposed to the above rule, and in that case there was not presented, or decided, the question whether a corporation made a gift to an officer of the amount which it disbursed to pay some of the expenses of his daughter's wedding reception. That case, also, is distinguishable on its facts, and petitioners' reliance upon some dicta there is unsound.

*Decision will be entered for the respondent.*