Preston R. Rieley and Kitty M. Rieley v. Commissioner.
Rieley v. Commissioner
Docket No. 1524-62.
United States Tax Court
T.C. Memo 1964-66; 1964 Tax Ct. Memo LEXIS 270; 23 T.C.M. (CCH) 449; T.C.M. (RIA) 64066; March 13, 1964
Preston R. Rieley, 1208 W. Chase St., Chicago, Ill., pro se. James E. Caldwell, for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined a deficiency in the petitioners' income tax for the year 1960 in the amount of $517.01. The parties have agreed to certain adjustments by stipulation. The only issue remaining for decision is whether the petitioner, Preston R. Rieley, an employee of the United States Department of Labor, is entitled to deduct his wife's travel expenses of $451 incurred while accompanying him *271 on official business. Findings of Fact Some of the facts have been stipulated and are found accordingly. Preston R. Rieley and Kitty M. Rieley are husband and wife who reside in Chicago, Illinois. They filed their joint Federal income tax return for the calendar year 1960 with the district director of internal revenue at Chicago. Since 1940 Preston R. Rieley (hereinafter called petitioner) has been an employee of the United States Department of Labor, and since 1955 has served in Chicago as Regional Director of Farm Labor for the Bureau of Employment Security. For 39 years the petitioner has been a diabetic. In 1957, and again in 1958, he suffered a stroke, the second one leaving him partially paralyzed in the left arm and leg. After the second stroke, his physician instructed him not to travel out of Chicago or on lengthy automobile trips without having someone else along. Prior to 1957 petitioner's wife frequently accompanied him on business trips. Following the doctor's advice, Kitty Rieley continued to travel with him after he suffered the strokes. Kitty Rieley knows the petitioner's condition thoroughly. She helps to take care of him while on such trips and drives the *272 automobile about half the time. On one occasion in 1961, while in Puerto Rico on business, Kitty Rieley detected insulin shock and had the petitioner rushed to a hospital. Petitioner's work during the year 1960 consisted of implementing the Labor Department's domestic and foreign migrant and seasonal labor program in several Midwestern States. This position requires frequent travel mostly to Minnesota, Wisconsin, Illinois, and Indiana, but occasionally to Washington, D.C., Texas, Louisiana, California, and other places. During 1960 the petitioner made between 15 and 20 business trips and received a $12 per diem allowance from the Department of Labor. Kitty Rieley traveled with the petitioner 41 days during 1960 and her expenses for meals and lodging, which were paid by the petitioner, were at least $451 (or $11 per day). She did not perform any secretarial services or any other official or business-connected duties for either the petitioner or the Department of Labor. The Department of Labor neither required nor authorized Kitty Rieley to accompany petitioner on any of his business trips or participate in his various business activities. And no claim for reimbursement was made *273 or contemplated by petitioner for expenses resulting from the presence of Kitty Rieley on such business trips. In their income tax return for the year 1960 the petitioners claimed a deduction of $451 for the unreimbursed travel expenses of Kitty Rieley as an ordinary and necessary business expense. The respondent disallowed the deduction in his statutory notice of deficiency dated February 5, 1962. Ultimate Findings The presence of Kitty Rieley on the business trips made by petitioner was unrelated to his official duties as an employee of the United States Department of Labor. Therefore, the amounts paid for her lodging and meals were nondeductible personal living expenses. Opinion Here the basic question is whether the presence of petitioner's wife on trips involving official Government business served a bona fide business purpose. The respondent maintains that the petitioners are not entitled to deduct the travel expenses of Kitty Rieley for two reasons: (1) the petitioners have failed to prove the amount thereof and (2) such expenses, in any event, were not directly related to her husband's business. Petitioner, of course, takes the opposite view. [1]
*274 We are satisfied that the petitioner, who impressed us as a very forthright person, did in fact spend at least $451 in 1960 for his wife's travel expenses. However, we think he has failed to establish that her presence on the trips had a bona fide business purpose. Section 162(a)(2), [2] Internal Revenue Code of 1954, provides that traveling expenses are deductible if they are ordinary and necessary "business" expenses as distinguished from personal expenses. [3] The term "business" expenses means that the expenditure must be directly connected with the trade, business, or profession. [4] Travel expenses, therefore, including meals and lodging while away from home in the pursuit of a trade or business, are among ordinary and necessary business expenses allowable as deductions. And section 1.162-2(c), Income Tax Regulations, provides that where a taxpayer's wife accompanies him on a business trip, the expenses attributable to her travel are not deductible unless it can be adequately shown that the wife's presence on the trip has a bona fide business purpose. *275 While it is true that petitioner's position with the Department of Labor required him to travel from the Chicago regional office to certain Midwestern States and to various labor conferences in other sections of the country, there was no official requirement or official authorization with respect to the presence of his wife on such trips. Petitioner's testimony about his wife's activities reveals that she merely acted as his "unofficial hostess" for entertaining and made an occasional business appointment. But, in general, she performed the usual wifely duties. No secretarial or other business duties were performed. Consequently, the facts here fall far short of the requisite proof that the presence of petitioner's wife on the trips served any valid business purpose. Indeed, they affirmatively prove the contrary. Cf. Sheldon v. Commissioner, 299 F. 2d 48 (C.A. 7, 1962), affirming a Memorandum Opinion of this Court; and Alex Silverman, 28 T.C. 1061 (1957), affd. 253 F. 2d 849 (C.A. 8, 1958). See also L. L. Moorman, 26 T.C. 666, 679 (1956), where we said: The petitioner testified that his wife assisted him in his work while on *276 these business trips and that she was of help in entertaining the dealers. However, the evidence does not establish that her services were necessary, although they may have been helpful. If the wife's services are only casual, John A. Guglielmetti, 35 T.C. 668, 671 (1961), or her services bear little, if any, relationship to the business duties of her husband, Ralph E. Duncan, 30 T.C. 386, 391 (1958), we have denied the deduction. Petitioner relies to some extent on the decision in Allenberg Cotton Co., Inc., v. United States, an unreported case ( W.D. Tenn., 1961, 7 A.F.T.R. 2d 268. In that case the United States District Court held that the wife's administering of insulin shots and supervision of her diabetic husband's diet and activities, while on business trips, were directly necessary to the conduct of her husband's business. Pursuant to the orders of his physician, the husband was required to travel with a trained companion to care for him. The physician testified that the wife, who had received training, was the best qualified person to administer to her husband. Since the cities visited were industrial centers of the world cotton market, *277 and not ordinarily associated with tourist trade or travel, the Court allowed the husband's corporate employer a business deduction for the travel expenses of the wife. Although the Allenberg Cotton Company case does support the petitioner's position, and the fact that it involved a corporate taxpayer rather than an individual does not seem to us to be significant, it is nevertheless in conflict with cases of this Court holding that a husband may not deduct the expenses of a wife or nurse who accompanies him on business trips to care for him. William E. Reisner, 34 T.C. 1122 (1960); and George W. Megeath, 5 B.T.A. 1274. See also Rev. Rul. 64-9, I.R.B. No. 1964-2, p. 6. In denying such a deduction as a business expense in Reisner, we stated (34 T.C. at p. 1131): It is apparent from the record that the purpose of Carol's travel in Europe was to care for her ailing husband. Laudable as such a purpose is, it has long been settled that a taxpayer may not deduct the expenses of either a wife or a nurse who accompanies him on business travels. George W. Megeath, et al., 5 B.T.A. 1274. Only in the event that the presence *278 of the wife serves a bona fide business purpose may the cost of her travel be deducted. Cf. Alex Silverman, 28 T.C. 1061. We continue to adhere to this view. The result may be unfortunate, especially in the light of petitioner's obvious candor and sincerity. But we must take the record and the law as we find them. Therefore, we conclude that the respondent properly disallowed the travel expenses of Kitty Rieley as ordinary and necessary business expenses. It is unnecessary for us to decide in this proceeding whether the expenses in question are deductible as medical expenses under section 213(a). The petitioners made no claim for a medical expense deduction in this income tax return. In fact, they actually took the standard deduction for the taxable year 1960. And their petition makes no assignment of error in this respect. To reflect the concessions made by the parties, Decision will be entered under Rule 50. Footnotes
1. Petitioner testified as follows: Well, I believe, your Honor, that this is a basic question, not only to myself but to many other public employees who, without doubt, are put in the same position. I do have to be employed. I do have to travel and on the orders from my doctors I have to take my wife or someone else with me. Naturally it has been Mrs. Rieley because there is no other charge except her expenses in having her travel with me. I have a very strong feeling that this type of a deduction is legitimate.↩
2. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including - * * * (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business; ↩
3. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.↩
4. See Commissioner v. Flowers, 326 U.S. 465↩ (1946).