Estate of Frances B. Hodgkins, Deceased, Joan H. Gould and David L. Hodgkins, Executors v. Commissioner.
Estate of Hodgkins v. Commissioner
Docket No. 2780-63.
United States Tax Court
T.C. Memo 1965-225; 1965 Tax Ct. Memo LEXIS 103; 24 T.C.M. (CCH) 1149; T.C.M. (RIA) 65225; August 20, 1965
*103 In 1959 Frances B. Hodgkins owned approximately 44 percent of the outstanding 2,010 shares of stock in Forster Mfg. Co., Inc. while her husband, from whom she had been divorced for over 16 years, owned more than 50 percent of the stock in the corporation. During 1959 the corporation made periodic payments to the two Hodgkins children, Joan and David (whose ages were about 29 years and 20 years, respectively), who were also stockholders in the corporation, and these payments were reported by them in their returns as income. Held, the corporate payments made to the Hodgkins children are not taxable as constructive dividends to Frances in 1959 to the extent of her stock ownership in the corporation. Charles H. Burton, for the petitioner. Robert B. Dugan, for the respondent. MULRONEY Memorandum Findings of Fact and Opinion MULRONEY, Judge: Respondent determined a deficiency in the income tax of Frances B. Hodgkins for 1959 in the amount of $2,486.90. The issue is whether distributions by Forster Mfg. Co., Inc., during 1959 to David L. Hodgkins and Joan H. Gould are includable as constructive dividends in the income of Frances B. Hodgkins to the extent of her *104 stock ownership in the corporation. Findings of Fact Some of the facts were stipulated and they are so found. Frances B. Hodgkins, a resident of Farmington, Maine, in 1959, filed her individual income tax return for 1959 with the district director of internal revenue, Augusta, Maine. Frances B. Hodgkins died on February 12, 1963. Theodore R. Hodgkins is the former husband of Frances B. Hodgkins. Joan H. Gould and David L. Hodgkins are the children of Theodore R. and Frances B. Hodgkins. Joan completed her college work in 1955. In 1958 Joan married Stanley Gould, a medical doctor who was then completing his internship. During the entire year 1959 Joan and her husband resided in Germany, where he was serving with the United States Armed Forces. David was a student at Paul Smith College at Paul Smith, New York, from January through June 1959, in which month he completed his schooling. At the time of the trial in November 1964 Joan was about 34 years old and David was about 25 years old. Forster Mfg. Co., Inc., is a manufacturer of a large number of small woodenware and plastic items. In 1959 the corporation operated five plants in Maine with about 1,000 employees and had annual *105 sales of about $8,000,000. In 1959 Theodore R. Hodgkins was president and general manager of the corporation and Frances was treasurer. From January 1, 1957 through December 29, 1960, the 2,010 shares of the common stock of Forster Mfg. Co., Inc. were owned as follows: T. R. Hodgkins
F. B. Hodgkins
Joan
David
Date
Shares
Percent
Shares
Percent
Shares
Percent
Shares
Percent
1/ 1/57
1,101 2/3
54.81
908 1/3
45.19
2/15/58
1,091 2/3
54.31
903 1/3
44.95
7 1/2
.37
7 1/2
.37
5/26/59
1,031 2/3
51.33
873 1/3
43.45
60
2.98
45
2.24
12/29/60 *
1,019 2/3
50.73
867 1/3
43.15
66
3.28
51
2.54
Forster Mfg. Co., Inc. had earned surplus at the close of its fiscal years ended August 31, 1959 and 1960 in the amounts of $3,604,298.36 and $3,812,804.91, respectively. The corporation paid the following compensation to Theodore R. and Frances B. Hodgkins: Fiscal Year
Theodore R.
Frances B.
Ended
Hodgkins
Hodgkins
8/31/59
$70,291.63
$20,083.37
8/31/60
69,708.37
19,916.63
*106 On April 26, 1956, Theodore R. and Frances B. Hodgkins established the T. R. Hodgkins and Frances B. Hodgkins Trust. They each contributed to said trust all of their stock in Forster Mfg. Co., Inc., being the amounts of 1,101 2/3 shares and 908 1/3 shares, respectively. This trust provided that the trustees should select as directors of Forster Mfg. Co., Inc., the four persons nominated by Theodore R. Hodgkins and the two person nominated by Frances B. Hodgkins. Separate trusts were established for the assets contributed by each donor. The beneficiaries of these trusts were the donors for life and, thereafter, Joan H. Gould, David L. Hodgkins and the donors' grandchildren. The trust contained a provision retaining to the donors the power to alter, amend or rescind the trust. The trustees were Theodore R. and Frances B. Hodgkins, the Casco Bank & Trust Company of Portland, Maine, and one Richard S. Bowers. In 1956 the corporation began to make periodic payments to Joan and David. From January through September 1957, Joan received gross weekly payments of $150, and from August 1958 through December 1959, she received gross monthly payments of $833.33. David generally received gross *107 weekly payments of $15 from January 1957 through the middle of June 1958. He received larger weekly amounts through the summer of 1958, and the gross weekly payments to him of $15 started again in September 1958 and continued to June 1959. Joan worked full time for the corporation in promoting its guest program in the summer of 1957. David worked in the lumber division of one of the corporation's Maine plants in the summer of 1958, and beginning about June 1959 he began to work full time for the corporation. During the period these corporate payments were being made to the two Hodgkins children, the corporate executives (including William H. Woodside, the assistant treasurer and vice president) would review at the end of the corporation's fiscal year the services performed by Joan and David for the corporation and would decide the portion of these payments that was deductible as compensation and would charge the remainder of the payments to the corporation's surplus account. These corporate decisions were reviewed by auditors. During the calendar year 1959, the corporation made total payments to Joan and David in the respective amounts of $9,999.96 and $1,988.90. All of the payments *108 made by the corporation to Joan in 1959 were charged to the corporation's surplus account. The payments made to David from January to June 1959, i.e., totaling about $400, were charged to corporate surplus, and the balance of the payments during the calendar year 1959 was treated as deductible compensation for services rendered. In the corporation income tax returns filed by Forster Mfg. Co., Inc. for its fiscal years ended August 31, 1959 and 1960, the corporate payments to Joan and David for those fiscal years which were charged to the surplus account are shown (in Schedule M - reconciliation of taxable income and analysis of earned surplus and undivided profits) in the total amounts of $10,701.93 and $9,999.96, respectively. Joan reported as income in the joint income tax return for the calendar year 1959 filed with her husband the corporate payments made to her in 1959 in the amount of $9,999.96. David reported in his individual return for 1959 the corporate payments made to him in 1959 in the amount of $1,988.90. Frances B. Hodgkins reported adjusted gross income in the amount of $42,301.24 in her individual income tax return for the calendar year 1959. Respondent in his statutory *109 notice of deficiency increased Frances' taxable income by the amount of $4,589.47 which respondent determined was a dividend to her from Forster Mfg. Co., Inc. This amount represents the portion of the corporate payments to Joan and David which was charged to the corporation's surplus account and was equal to the percentage of stock of the corporation controlled by Frances in 1959. Opinion Joan and David were stockholders in Forster Mfg. Co., Inc. in 1959, owning or controlling at least 60 and 45 shares of the corporation's stock, respectively. The corporate payments here involved were treated by both the corporation and the stockholder recipients as constructive dividends in 1959. It would seem that such treatment was required by the unambiguous language of section 316 of the 1954 Internal Revenue Code which states the general rule that "the term 'dividend' means any distribution of property made by a corporation to its shareholders" out of its earnings and profits. There is no requirement for tax purposes that a dividend must be a pro rata distribution to stockholders. *110 In William C. Baird, 25 T.C. 387, 395, the Court stated: "The law is well settled that the disbursement of corporate earnings serving the ends of some shareholders may constitute a dividend to such stockholders notwithstanding that the formalities of a dividend declaration are not observed; that it is not in proportion to stockholdings; or that some of the stockholders do not participate in its benefits; * * *". Respondent does not dispute that these corporate payments were constructive dividends to someone, but he does contend that they are taxable, not to stockholders Joan and David, but to their mother, Frances B. Hodgkins, to the extent of her stock ownership in the corporation. Respondent relies upon the well established principle that where funds of a corporation were disbursed for the personal use or economic benefit of a stockholder or his immediate family, the disbursements may be treated as constructive dividends to the stockholder. Alex Silverman, 28 T.C. 1061, affd. 253 F. 2d 849 (C.A. 8, 1955). Under this principle, corporate disbursements *111 made at the direction of a controlling stockholder to a nonstockholder are held to be taxable to the controlling stockholder as constructive dividends. Here, however, the respondent goes beyond the general scope of the cases in this area and not only seeks to allocate constructive dividends to more than one controlling stockholder on the basis of their respective stockholdings, but also seems to disregard the fact that the recipients of the corporate disbursements were stockholders of the corporation. Respondent asserts on brief that Frances was "one of the controlling stockholders of Forster Mfg. Co., Inc." because she and her former husband owned or controlled over 94 percent of the stock in 1959, and "that the distributions in the instant case were made only because Frances B. and Theodore R. Hodgkins directed that Forster make the distributions." However, Frances controlled about 44 percent of the corporation's stock in 1959, while over 50 percent of the stock was controlled by her husband. We are also told on brief that in 1956 Frances had been divorced from Theodore R. Hodgkins "for over sixteen years." We thus have the situation where a minority stockholder is charged with *112 a constructive dividend as a result of a corporate distribution over which she has no control. We cannot agree with respondent that, under these facts, Frances "directed" the distributions to Joan and David. There is no reason why Theodore alone, with his controlling interest, could not have been prompted by filial devotion to make these payments to the children. In such an event, we think there would be no justification for automatically charging Frances, a minority stockholder, with a constructive dividend based upon her percentage of shareholdings. If the corporation had, in addition to Frances and Theodore, a third or even a fourth major stockholder, the respondent would presumably, under his novel approach in this case, also be obliged to charge them as well with constructive dividends, based upon their stockholdings, for the distributions to the children of the controlling stockholder. If in this case the children held more stock than their mother, would a corporate distribution to them be charged partially to her as a constructive dividend? In effect, the respondent, under his approach here, is trying to turn every corporate distribution into a pro rata dividend distribution *113 to all of the stockholders. We can discover no authority for this, nor do we see any justification for such a requirement, especially in view of the clearly established principle that, for tax purposes, a dividend need not be divided among all the stockholders. 58th St. Plaza Theatre v. Commissioner, 195 F. 2d 724 (C.A. 2, 1952), affirming 16 T.C. 469; William C. Baird, supra. Interestingly enough, one of the other adjustments (conceded by petitioner) in respondent's notice of deficiency is the increase in Frances' 1959 income in the amount of $125.51 which, it is explained, is "income resulting from expense paid in your behalf by the Forster Manufacturing Company, Inc." Respondent makes no effort, as logic would impel under his approach taken in this case, to allocate this amount pro rata among all of the stockholders of the corporation. We hold that no portion of the corporate distributions to Joan and David is chargeable to Frances as a constructive dividend in 1959. Decision will be entered under Rule 50. Footnotes
*. As of December 29, 1960, six shares of stock were also owned by the Hodgkins grandchildren. Note: For the purpose of the above table, stock ownership is attributed to the person who controls and who is beneficial owner of such stock.↩