**James W. UPPER and Carol A. Upper, Plaintiffs,**

v.

**UNITED STATES GOVERNMENT, Defendant.**

**Civ. No. 93–3596.**

United States District Court, D. New Jersey.

March 13, 1995.

Order Denying Reargument June 20, 1995.

See also, 1994 WL 660738.

James Upper, Bridgeton, NJ, and Carol Upper, Coconut Creek, FL, pro se.

Lawrence P. Blaskopf, U.S. Dept. of Justice, Tax Div., Washington, DC, for government.

## ORDER

RODRIGUEZ, District Judge.

This matter is before the court on the motion of plaintiffs James W. Upper and Carol A. Upper for summary judgment and on the cross-motion of defendant the United States for summary judgment. For the following reasons, the court will deny plaintiffs' motion for summary judgment and grant defendant's motion for summary judgment.

## I. BACKGROUND

Plaintiffs James and Carol Upper filed an income tax return for the 1982 tax year on April 15, 1983, which reported a total income of $24,200.00. According to the attached W–2 form, that figure represented Carol Upper's wages during 1982 as an employee of Palm–Aire C.C. Inc. The Uppers also took a $12,473.00 deduction for home mortgage interest.

However, the Internal Revenue Service ("IRS") determined that $13,295.00 owing on the Uppers' home mortgage during 1982 was paid out of the funds of Jim Upper & Co. Inc., a corporation owned by the Uppers. The Uppers did not include this amount as personal income for 1982, but did deduct the interest portion of the $13,295.00 paid by the corporation on the mortgage. The IRS maintained that the $13,295.00 paid on the mortgage by the corporation was unreported personal income for 1982. Accordingly, the IRS issued a notice of deficiency to the Uppers. On February 3, 1986, the IRS made an assessment against the Uppers in the amount of $3,848.08, including tax, interest and penalty.

On July 11, 1994, the Uppers instituted this action by filing a complaint against the United States Government seeking a refund

---

of taxes paid for the 1982 tax year, as well as damages for alleged civil rights violations. The Uppers filed the instant motion for summary judgment on September 8, 1994. The government filed its cross-motion for summary judgment on September 29, 1994.

## II. DISCUSSION

The entry of summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If a disputed fact exists that, under the controlling substantive law, might affect the outcome of the suit, then entry of summary judgment is precluded. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

In this case, there is no genuine issue as to the single material fact—whether $13,295.00 owing on the Uppers' home mortgage during 1982 was paid out of the corporate funds of Jim Upper & Co., Inc. The Uppers admit in their pleadings that the mortgage payments were made out of the corporate checking account. The Uppers argue that they also deposited personal monies into the corporate checking account, but the fact remains that they never reported the $13,295.00 as personal income at any time, though they did deduct the interest portion of the mortgage payments from their personal income. This is a classic case of trying to eat your cake and have it, too.

There is also no doubt that the government is entitled to a judgment as a matter of law. The Internal Revenue Code provides that "gross income means all income from whatever source derived." 26 U.S.C. § 61(a). Amounts paid from corporate funds to cover personal expenses of a shareholder are clearly income as defined in § 61(a) where there is no evidence of an intention to repay the funds. *See Silverman v. Commissioner,* 28 T.C. 1061, 1064, 1957 WL 1133 (1957), *aff'd,* 253 F.2d 849 (8th Cir.1958). There is no evidence of an intention to repay the $13,295.00 to the corporation in this case; therefore, the money should have been reported as personal income.

Accordingly, the court will deny the Uppers' motion for summary judgment and grant the government's cross-motion for summary judgment.

## III. CONCLUSION

For the foregoing reasons,

IT IS ORDERED on this 7th day of March, 1995, that the motion of plaintiffs James W. Upper and Carol A. Upper for summary judgment is *DENIED.*

IT IS FURTHER ORDERED that the cross-motion of defendant the United States for summary judgment is *GRANTED.*

## ORDER

This matter having come before the court on plaintiffs' motion for reargument, pursuant to District of New Jersey Local Rule 12(I); and the court having considered plaintiffs' moving papers and defendant's opposition papers; and it appearing to the court that no dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its March 7, 1995 decision to deny plaintiffs' motion for summary judgment and to grant defendant's cross-motion for summary judgment;

IT IS ORDERED on this 19th day of June, 1995 that plaintiffs' motion for reargument is hereby *DENIED.*