HAVERHILL SHOE NOVELTY COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 23104.    Promulgated October 18, 1950.

*Jason S. Cohen, Esq.*, for the petitioner.
*William C. W. Haynes, Esq.*, for the respondent.

518

OPINION.

BLACK, *Judge:* The only issue we have to decide is whether part of the expenses of the wedding and reception of the daughter of the treasurer and majority stockholder of the petitioner corporation is properly deductible as ordinary and necessary business expenses of the corporation. The applicable statute is section 23 (a) (1) (A) of the Internal Revenue Code.[1]

There can be no doubt but that petitioner made expenditures which aggregated $6,245.97 in connection with the wedding and reception of the daughter of Bernard Glagovsky. The canceled checks and the bills paid are in evidence. We have no reason to doubt them. In so far as paying a good part of the bills incurred at the wedding and reception, petitioner corporation acted as "father of the bride." But has petitioner shown that these payments are deductible as ordinary and necessary business expenses? We think not. Bernard Glagovsky was the father of the bride and the expenses of the wedding were his personal expenses and are not deductible by the corporation even though the corporation did pay a good part of them.

What happened, as we view it, was that in effect the corporation made a gift of these amounts to its treasurer and majority stockholder and gifts are not deductible except to religious, charitable, or educational corporations or foundations.

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

(a) EXPENSES.—

(1) TRADE OR BUSINESS EXPENSES.—

(A) In General.—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; and rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity.

Both parties cite and quote from the Supreme Court's decision in *Welch* v. *Helvering*, 290 U. S. 111. In that case, in commenting upon what is "ordinary" within the meaning of section 23 (a) (1) (A), the Court, among other things, said:

* * * Now, what is ordinary, though there must always be a strain of constancy within it, is none the less a variable affected by time and place and circumstance. Ordinary in this context does not mean that the payments must be habitual or normal in the sense that the same taxpayer will have to make them often. * * *

The petitioner in its brief strongly urges upon us that in the decision of the instant case we give consideration to the foregoing language of the Supreme Court used in defining "ordinary".

This we have done but we still remain unconvinced that expenditures of the kind which we have here can be classed as "ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business", as used in the statute. We think it would be most extraordinary for us to hold that these wedding expenses are allowable business deductions to petitioner. Quite a wedding party did take place. There is no doubt about that and large expenses were incurred but we hold that petitioner is not entitled to deduct any part of them as ordinary and necessary business expenses under section 23 (a) (1) (A).

Inasmuch as that is the only issue,

*Decision will be entered for the respondent.*