Alex and Doris SILVERMAN, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 15935.

United States Court of Appeals
Eighth Circuit.

April 16, 1958.

John A. Ross, Kansas City, Mo., for petitioners.

James P. Turner, Attorney, Department of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson and Charles B. E. Freeman, Attorneys, Department of Justice, Washington, D. C., on the brief), for respondent.

Before SANBORN, WOODROUGH and JOHNSEN, Circuit Judges.

WOODROUGH, Circuit Judge.

This petition for review is presented by husband and wife, taxpayers who made a joint return, to obtain reversal of the decision of the Tax Court which sustained a determination by the Commissioner that the husband realized taxable income in 1952 in the amount of $3,204.01 from the payment by his employer-corporation of the expense of his wife's trip to Europe in his company in that year. He contended before the Tax Court and urges upon this court that the corporation made a gift of the amount of the wife's traveling expenses which was exempt from the tax under Section 22(b) (3) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 22(b) (3). The findings of fact, opinion and decision of the Tax Court are reported at 28 T.C. 1061.

Petitioner Alex Silverman admits that "there is little or no dispute as to the actual facts" and they may be summarized as found by the Tax Court as follows:

Petitioner Alex Silverman is an officer, director and minority stockholder of the Central Bag Company, a Missouri Corporation, located in Kansas City, Mis-

souri. It is a family corporation of which Milton Silverman, the petitioner's brother, and his immediate family are the majority stockholders and Milton Silverman is President and Director. In 1952 Doris Silverman was not an officer, director or stockholder of the corporation.

In the early part of 1952, petitioner was advised by Milton Silverman that it would be necessary for petitioner to go abroad for the corporation on a business trip to locate sources of supplies of burlap in Europe. Petitioner, who expected to be married to Doris at about that time, objected to taking the trip. Milton told petitioner that if he would go abroad the corporation would make a gift to his wife of a trip to Europe. The Tax Court found that petitioner did not make the suggestion of a gift to Doris a condition of his going abroad in 1952, nor did Milton say that the corporation would make a gift to Alex.

Petitioner and Doris were married on April 25, 1952, and on the following day they departed for New York. They sailed from there on May 2nd and returned to Kansas City around June 12, 1952. While abroad petitioner called on a number of manufacturers in various cities in France, Italy and Switzerland with whom he discussed the corporation's business. Doris Silverman did not accompany her husband on his business calls; she spent her time sightseeing. As a result of the trip the corporation received samples of burlap and quotations of prices from European manufacturers, but it did not make any purchases.

The expenses of the trip (excluding miscellaneous purchases by petitioner from his own funds) amounted to $6,408.02, which amount was paid by the corporation and was charged to travel expenses on its books for the fiscal year ended September 30, 1952 and was included in the deductions for business expenses in the corporation's income tax return.

The Tax Court found that there was no formal corporate authorization of any gifts from the corporation to either of the petitioners, or of payment of the expenses of Doris's trip, and the corporation did not present anything to Doris, either a check, money, or any other evidence of a gift. The Tax Court affirmed the Commissioner's determination that the corporation was allowed a business expense deduction in the amount of $3,204.01, one-half of the cost of the trip, for petitioner Alex Silverman's expenses while traveling in pursuit of the corporation's business, and that the petitioners realized income in the amount of $3,204.01 from the corporation's payment of Doris's traveling expenses.

The question for this Court to decide is whether the Tax Court correctly determined that the corporation's payment of traveling expenses of petitioner's wife who accompanied him on the trip to Europe constituted income under Section 22(a), Internal Revenue Code of 1939, to petitioner who was an officer and employee of the corporation and not a gift to his wife.

■■ Under Section 22(a), Internal Revenue Code of 1939, gross income includes "gains, profits, and income derived from salaries, wages, * * * of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, * * * also from interests, rent, dividends, * * * or gains or profits and income derived from any source whatever. * * *." This statutory language has been construed to mean that any economic or financial benefit conferred upon an employee as compensation or upon a stockholder as a constructive dividend must be included in gross income. Commissioner of Internal Revenue v. Smith, 324 U.S. 177, 181, 65 S.Ct. 591, 89 L.Ed. 830; Greenspon v. Commissioner of Internal Revenue, 8 Cir., 229 F.2d 947, and it is well settled that amounts expended by a taxpayer for the purpose of having his wife accompany him on a business trip where the wife's presence does not serve a bona fide business purpose represents non-deductible personal expenses under the provisions of Section 24(a) (1), Internal

Revenue Code of 1939, 26 U.S.C.A. § 24 (a) (1).

Petitioners contend that the Tax Court erred in its determination that there was no formal corporate authorization of a gift to Doris Silverman; that there was no delivery to or acceptance by Doris Silverman of anything evidencing a gift; and that there was no evidence that she had received any payment of her own, subject to her complete domination and control.

■ Whether a payment is a gift depends, first, on the intention of the alleged donor. The question of intent, if at all doubtful, is a question of fact for the trial court, and only becomes a question of law for a reviewing court if the evidence is all way or so overwhelmingly one way as to leave no doubt as to the fact. Crown Iron Works Co. v. Commissioner of Internal Revenue, 8 Cir., 245 F.2d 357, 360; Tyson v. Commissioner of Internal Revenue, 8 Cir., 146 F.2d 50, 54.

The Tax Court found that the president of the corporation told petitioner it was necessary for petitioner to travel to Europe for the corporation; that petitioner was reluctant to go because of his imminent marriage; and that to induce petitioner to take the trip, the president of the corporation said that the corporation would make a gift of the trip to petitioner's wife. The wife did not perform any service for the corporation while on the trip, nor did her presence serve any business purpose. There was no formal authorization of a gift from the corporation to petitioner's wife by the directors, nor approval of a gift by the stockholders. There was no corporate record showing that the payment was considered as a gift by the corporation. Nothing was presented to the wife as evidence of the gift and there was no evidence that petitioner's wife was consulted or participated in any of the arrangements of the trip. Nor was there a claim that the husband was acting as the wife's agent in the transactions.

We are in accord with the Tax Court's conclusion that "Milton's testimony clearly shows that he considered it necessary to make an offer which would persuade petitioner to go abroad and that he suggested that the corporation would make a 'gift' of a trip abroad to Doris, provided petitioner would go. Such conditions as Milton expressed must be regarded as denoting that consideration was received by the corporation consisting of petitioner's agreement to undertake the trip, and that such agreement was the result of bargaining. An essential characteristic of a gift is that no consideration is received for a transfer of property. But if we are incorrect in our understanding of the meaning of Milton's testimony, and instead, regard it as having a meaning entirely favorable to petitioner's contention, we are confronted with the unfavorable factors, * * * namely, the lack of corporate authorization of a gift, the lack of the corporation's treatment of the disbursement as a gift on its books and the lack of acceptance by the donee."

There was no dispute that the corporation treated the entire amount of the expenses it paid in the same manner—the entire amount of the $6,408.02 was charged to travel expenses on the corporate books for the fiscal year ended September 30, 1952, and was claimed as a business expense deduction.

The ruling of the Commissioner that the payment of the wife's trip to Europe constituted income to petitioners was presumptively correct and the absence of a donative intent, the absence of a corporate authorization to make a gift, the absence of a delivery of anything representing the gift and the presence of consideration compel the conclusion that no gift was made to the wife in this case.

Petitioners contend that the Tax Court erred in determining a deficiency without a complete determination of the nature of the petitioners' income.

If the amount in question is considered as compensation to petitioner it is includible in income under Section 22(a),

Internal Revenue Code of 1939. Petitioner here rendered service to the corporation in making the trip to Europe and since the wife's expenses were purely personal and not deductible, Section 24 (a) (1), the corporation's payment of her expenses represented additional compensation or a bonus to petitioner and the entire amount of compensation, which is includible in gross income, cannot be offset by deducting the wife's personal expenses.

If the amount in question is considered as a constructive dividend, the entire amount is includible in gross income under Section 115(a) which provides the "the term dividend * * * means any distribution made by a corporation to its shareholders, whether in money or in other property * * * out of the earnings or profits of the taxable year * *." As the Tax Court stated: "* * * the application of a corporation's funds for the payment of the personal expenses of a stockholder, where there is no intention of repayment, constitutes the equivalent of a corporate distribution, it is equally proper to hold that the disputed payment represents an informal and constructive dividend to Alex." The corporation here had a surplus of $1,575,037 on September 30, 1952, and there can, therefore, be no question of the availability of funds for dividends.

Further, if petitioner considers the amount as reimbursed travel expense, the entire amount is includible in gross income under Section 39.23(a)–2(c), Treasury Regulations 118. Reimbursed travel expenses are includible in an employee's income and his actual expenses attributable to the conduct of the business are deductible. The wife's expenses here were personal, were paid for by the corporation and are includible in gross income, and since they were not attributable to the conduct of the business, they are not deductible. Hamlin's Estate v. Commissioner of Internal Revenue, 6 Cir., 188 F.2d 364.

Petitioner argues that it was necessary for the Tax Court to determine the precise nature of this item of income because if it decided that the amount was compensation then more than half of the total expenses of $6,408.02 is an allowable business deduction to him on account of travel. Petitioners' argument is that it is cheaper for two to travel than for a single person and proof was offered that the saving is approximately 30%. In the present case, however, both petitioners took the trip and caused the expenses and it was conceded that the trip was both a business trip and petitioners' wedding trip. Petitioner Alex Silverman was not only engaged in business while in Europe, he engaged in sightseeing and spent five days on the French Riviera, where he did not attend to any business. The Commissioner may, in the absence of specific proof, determine a reasonable amount representing the husband's expenses. Rugel v. Commissioner of Internal Revenue, 8 Cir., 127 F.2d 393, 395–396; Cohan v. Commissioner of Internal Revenue, 2 Cir., 39 F.2d 540, and this Court will not substitute its judgment for that of the Commissioner in the absence of proof that the determination was arbitrary or unreasonable.

The only authorities cited by petitioners on this appeal are three decisions of the Tax Court: Estate of Arthur W. Hellstrom, Deceased, v. Commissioner of Internal Revenue, 24 T.C. 916; Estate of John Hekman, et al. v. Commissioner of Internal Revenue, Tax Court Memo. April 30, 1957; and Haverhill Shoe Novelty Co. v. Commissioner of Internal Revenue, 15 T.C. 517. The facts of the Hellstrom and the Haverhill cases were clearly distinguished by the Tax Court from the present case and we are in accord with the Tax Court that these cases do not support petitioners' contention here. The Hekman decision relied upon by petitioners is also distinguishable from the present case. In that decision the Tax Court found that payments by a corporation to the widow of the president and general manager of the corporation were gifts and excludable from gross income. However, in

**854**

that case there was a specific article in the corporation's by-laws which was interpreted by the board as covering the matter of making payments to the widows of executives, together with evidence of corporate action showing an intention to make a gift, plus the fact that there was a history of post-mortem gratuities by the corporation to executive's widows extending back to 1945.

In view of the foregoing we hold that the Tax Court was without error and its decision is, in all respects, affirmed.

Affirmed.