ON-RI-GA MEDICAL PROFESSIONAL ASSOCIATION, ET AL, [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent ON-RI-GA Medical Professional Asso. v. Commissioner
Docket Nos. 2557-74, 2558-74, 2559-74.
United States Tax Court
T.C. Memo 1978-183; 1978 Tax Ct. Memo LEXIS 331; 37 T.C.M. (CCH) 786; T.C.M. (RIA) 780183; May 17, 1978, Filed Ronald L. Malcarney, for the petitioners. Lowell F. Raeder, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined deficiencies in petitioners' Federal income tax as follows: Docket
Taxable Petitioners
No.
Year
Deficiency
On-Ri-Ga Medical
Professional Assoc.
2557-74
1971 *
$1,057.89
1972 *
1,517.86
Ralph J. Onofrio and
Anna T. Onofrio
2558-74
1970
$ 819.00
1971
1,804.68
Joseph Riggs and
Lola Riggs
2559-74
1970
$ 329.73
1971
1,783.34
*332 These cases have been consolidated for trial, briefs, and opinion. The issues for our decision are: (1) Whether Petitioner On-Ri-Ga Medical Professional Association may deduct certain automobile expenses as ordinary and necessary expenses incurred in carrying on its trade or business for the taxable years ended June 30, 1971, and June 30, 1972; (2) Whether Petitioner On-Ri-Ga Medical Professional Association may deduct certain professional development expenses attributable to travel expenses of Mrs. Anna T. Onofrio as ordinary and necessary business expenses incurred in carrying on its trade or business for the taxable year ended June 30, 1971; (3) Whether home office expenses incurred during the taxable years 1970 and 1971 by petitioners (Ralph J. Onofrio and Anna T. Onofrio and Joseph Riggs and Lola Riggs) are deductible as ordinary and necessary expenses incurred by petitioners in connection with their trade or business; and (4) Whether Petitioner Ralph J. Onofrio realized a taxable gain on the sale of his personal automobile in the taxable year 1971. FINDINGS OF FACT
*333 Some of the facts have been stipulated. The stipulation of facts and exhibits are incorporated by this reference. Petitioners Ralph J. Onofrio (Dr. Onofrio) and Anna T. Onofrio, husband and wife, resided in Haddonfield, New Jersey, when they filed their petition. They filed joint Federal income tax returns for the taxable years 1970 and 1971, prepared on the cash receipts and disbursements method. Petitioners Joseph Riggs (Dr. Riggs) and Lola Riggs, husband and wife, resided in Haddonfield, New Jersey, when they filed their petition. They filed joint Federal income tax returns for the taxable years 1970 and 1971, prepared on the cash receipts and disbursements method. Petitioner On-Ri-Ga-Medical Professional Association (On-Ri-Ga) is a professional corporation organized under the laws of the State of New Jersey. [2] It had its principal office and place of business in Camden, New Jersey, at all times material herein. On-Ri-Ga filed corporate Federal income tax returns for the taxable years ended June 30, 1971, and June 30, 1972. Dr. Onofrio was the president and employee of On-Ri-Ga during all times involved herein. Dr. Riggs was the secretary-treasurer and employee *334 of On-Ri-Ga during all relevant times. [3]
Prior to the formation of On-Ri-Ga, Dr. Onofrio and Dr. Riggs engaged in the practice of obstetrics and gynecology as sole practitioners. [4] Both had substantial practices which required both in-patient treatment and examination at their respective offices and surgical procedures at Our Lady of Lourdes Hospital which was located across the street from their offices. The location of the offices remained the same upon the formation of On-Ri-Ga. Dr. Onofrio and Dr. Riggs, as officers of the corporation, agreed to alter the facilities which resulted in the elimination of one of the consultation rooms. The remaining consultation room contained two desks, chairs and a library. *335 Pursuant to the formation of the professional corporation, Dr. Onofrio and Dr. Riggs entered into an employment agreement with On-Ri-Ga. Pertinent paragraphs of the agreement provided: 3.2 The Employee shall be granted such leaves of absence, not in excess of two (2) weeks, with pay to attend medical meetings and to engage in other similar professional activities as may be approved by the Corporation. All expenses reasonably and necessarily incurred by the Employee in such activities shall be paid for or reimbursed by the Corporation; * * *
6.4 The Corporation will furnish the Employee with such office space, technical and secretarial assistance and other facilities and service suitable to his position and adequate for the performance of his duties; [5]
6.5 The Corporation shall reimburse the Employee for travel and other expenses reasonably and necessarily incurred by the Employee in the performance of his duties pursuant to this agreement. Issue 1. Automobile Expenses
During the taxable years ended June 30, 1971, and June 30, 1972, On-Ri-Ga *336 deducted the following expenses for automobiles owned by the corporation and provided to Dr. Onofrio and Dr. Riggs as employees of the corporation: 1971
1972
Automobile operating expenses
$3,444.40
$2,780.92
Depreciation
575.00
2,500.00
Insurance
666.00
1,381.00
TOTAL
$4,685.40
$6,661.92
During the respective tax years of On-Ri-Ga (1971 and 1972), Dr. Onofrio and Dr. Riggs used the automobiles owned by the corporation as follows: 1971 *
1972 *
Dr. Onofrio
13,898 miles
16,672 miles
Dr. Riggs
9,769 miles
9,769 miles
Dr. Onofrio and Dr. Riggs used the automobiles to travel from their respective homes to the hospital and their office. [6] They used the automobiles to attend medical meetings and conventions and to transact corporate affairs. [7] In addition, they used the automobiles to attend social events and to oversee personal business matters. On-Ri-Ga reimbursed Dr. Onofrio and Dr. Riggs for all expenses incurred for maintaining and utilizing these automobiles for the respective years 1971 and 1972. *337 Issue 2. Travel Expenses of Mrs. Onofrio
In 1971 Mrs. Onofrio [8] accompanied her husband, Dr. Onofrio, to San Francisco and attended a three-day course which involved family planning and sex education. On-Ri-Ga reimbursed Dr. Onofrio for the travel expenses incurred by his wife and deducted the expenses as ordinary and necessary business expenses incurred in carrying on its corporate affairs. However, Mrs. Onofrio was never an employee of On-Ri-Ga and she has never received compensation from On-Ri-Ga. She is a full-time housewife and a mother of twelve children. In addition, On-Ri-Ga did not adopt a resolution authorizing her to participate in the course and none of the information obtained at this meeting was utilized for the benefit of On-Ri-Ga. Issue 3. Home Office Expenses
Dr. Onofrio and Dr. Riggs maintained offices at their respective residences during their taxable years 1970 and 1971. They utilized the offices for the following purposes which did not involve direct patient contact: (1) telephone calls to and from patients; (2) write-up of histories and physicals of patients; (3) completion of patients' *338 charts; (4) reading and research relating to obsterics and gynecology, as well as to general business; (5) maintenance of business files at home for all investments and other business matters, including personal files relating to the corporation; (6) meeting with doctors to discuss patients, patients' histories and also for corporate entertainment of referring physicians; and (7) meeting with attorneys, accountants and other business associates. Both doctors used their home office approximately four hours per day. However, neither doctor kept records regarding the time spent on corporate matters versus time spent on personal business and investment matters. Dr. Onofrio and Dr. Riggs also utilized the On-Ri-Ga office and hospital to review patient records, to prepare records for surgery and post operative care, as well as keeping progress notes. Upon completion, the records were brought to the office of On-Ri-Ga to be used by Dr. Onofrio and Dr. Riggs for future medical care and billing. Issue 4. Sale of Automobile
On December 27, 1971, Dr. Onofrio sold his personally owned 1969 Cadillac automobile to Vallee N. Bowe, Inc. The selling price for this automobile *339 was $3,629.35. His basis in the automobile was $2,276.53. The Commissioner in his statutory notice of deficiency disallowed deductions claimed by On-Ri-Ga for the respective taxable years ending June 30, 1971 and June 30, 1972, as follows: Taxable Year
Ended
Amount
Professional Development Expenses
6/30/71
$ 536.00
6/30/72
401.60
Automobile Expenses
6/30/71
$4,272.62
6/30/72
5,752.24
The Commissioner in his statutory notices of deficiency determined that petitioners (Dr. Onofrio and Dr. Riggs) received constructive dividends from On-Ri-Ga for their taxable years 1970 and 1971 as follows: Taxable
Year
Amount
Dr. Onofrio
1970
$1,507.62
1971
2,223.39
Dr. Riggs
1970
643.41
1971
3,333.39
The Commissioner further determined in his statutory notice of deficiency that Dr. Onofrio realized a taxable gain in the amount of $1,352.82 upon the sale of his 1969 Cadillac for the taxable year 1971. OPINION Issue 1. Automobile Expenses
The first issue for decision is whether On-Ri-Ga may deduct the automobile expenses as ordinary and necessary expenses incurred in carrying on its trade or business *340 for the taxable years ending June 30, 1971 and June 30, 1972. On-Ri-Ga contends that these expenses are deductible under section 162, [9] Internal Revenue Code of 1954, because it had an obligation to provide professional medical care to its patients. In order to meet this obligation it provided automobiles to its physician-employees who were reimbursed for maintaining and operating the automobiles. Respondent takes the position that the expenses incurred by Dr. Onofrio and Dr. Riggs while traveling from their respective residences to the hospital and the office are commuting expenses and, therefore, nondeductible personal expenses. Respondent relies on section 1.262-1(b)(5), Income Tax Regs., and Commissioner v. Flowers,326 U.S. 465 (1946). In addition, respondent contends that the expenses incurred by Dr. Onofrio and Dr. Riggs while traveling to medical meetings and conferences are nondeductible expenses for the reason that such expenses were duplicative. Respondent argues that Dr. Onofrio and Dr. Riggs drove to the same meetings and conferences in separate automobiles which *341 resulted in a duplication of expenses without a bona fide business purpose. On-Ri-Ga responds by arguing that the rationale of Flowers does not apply because its physician-employees maintained offices at their respective residences and, therefore, the traveling expenses were incurred for travel from their home offices (not their residences) to the hospital and the On-Ri-Ga office. We cannot agree that their home offices were utilized for business purposes for reasons hereinafter stated. It is well settled that the expense of commuting between a residence and business or employment location is a nondeductible personal expense. Flowers,supra;section 1.162-2(e), Income Tax Regs. On-Ri-Ga was incorporated for the purpose of engaging in the activities of obstetrics and gynecology. The expense incurred for traveling between the physician-employee residence and the hospital and the On-Ri-Ga office bears no relationship to the business activity in which On-Ri-Ga was engaged (i.e., the practice of medicine through its physician-employees). Green v. Commissioner,59 T.C. 456 (1972); Mazzotta v. Commissioner,57 T.C. 427 (1971), *342 affd. per curiam 465 F.2d 1399 (1972). Therefore, the automobile expenses incurred by On-Ri-Ga for its taxable years ending June 30, 1971, and June 30, 1972, are not deductible expenses to the extent of the miles traveled by Drs. Onofrio and Riggs between their personal residences and the hospital and the On-Ri-Ga office. We do not agree with respondent with respect to the expenses incurred for travel regarding medical meetings, conferences, and corporate affairs. Respondent contends that a portion attributable to medical meetings and conferences is duplicative for the reason that Dr. Onofrio and Dr. Riggs took separate automobiles to the same meetings and conferences. Both Dr. Onofrio and Dr. Riggs were employees of On-Ri-Ga. Both doctors performed necessary services to the corporation. The area of specialization in which they were engaged is highly unpredictable and in many instances demands immediate attention to the needs of the patient. It would be highly impractical to expect these doctors to travel together to medical meetings and conferences only for the one of them to be called away on an emergency leaving the other stranded without adequate transportation *343 in the event that he, too, was needed by a patient. Accordingly, the expenses incurred for travel regarding medical meetings, conferences and corporate affairs are deductible in full. Issue 2. Travel Expenses of Mrs. Onofrio
The next issue for decision is whether On-Ri-Ga may deduct certain professional development expenses attributable to travel expenses of Mrs. Onofrio as ordinary and necessary business expenses. Mrs. Onofrio accompanied her husband, Dr. Onofrio, on a trip to San Francisco. While they were in San Francisco, Dr. Onofrio and Mrs. Onofrio attended a conference dealing with family planning and sex education. Petitioners contend that Mrs. Onofrio attended this conference in her capacity as a registered nurse for the purpose of developing a program to be utilized by On-Ri-Ga in treating high-risk patients with family health problems. Therefore, petitioners argue that the travel expenses of Mrs. Onofrio are deductible under section 162. We do not agree. Section 1.162-2(c), Income Tax Regs., provides: * * * where a taxpayer's wife accompanies him on a business trip, expenses attributable to her travel are not deductible unless it can be adequately shown *344 that the wife's presence on the trip has a bona fide business purpose. The wife's performance of some incidental service does not cause her expenses to qualify as deductible business expenses * * *. Although Mrs. Onofrio is a registered nurse, she has never been an employee of On-Ri-Ga nor has she acted as an advisor or consultant of On-Ri-Ga. She is a full-time housewife and mother of twelve children. The travel expenses attributable to her are only incidental to the conference attended by her husband, Dr. Onofrio. On-Ri-Ga reimbursed Dr. Onofrio for the expenses he incurred as a physician-employee. Any benefit which came from attending the conference related to Dr. Onofrio. The fact that Mrs. Onofrio accompanied him has no relationship to the business activity of On-Ri-Ga. Moreover, there was no resolution by the Board of Directors of On-Ri-Ga requiring or authorizing Mrs. Onofrio to attend the conference in San Francisco. Therefore, the professional development expenses incurred by On-Ri-Ga for Mrs. Onofrio's travel expenses are nondeductible expenses. Issue 3. Home Office Expenses
The next issue for decision is whether Petitioners Dr. Onofrio and Dr. Riggs may *345 deduct home office expenses incurred for the taxable years 1970 and 1971. Petitioners contend that the home office expenses are deductible under section 162(a). Respondent takes the position that such expenses are personal and nondeductible under section 262. Dr. Onofrio and Dr. Riggs, as sole practitioners, enjoyed a substantial practice in the field of obsterics and gynecology prior to formation of On-Ri-Ga. They shared the same office facilities while practicing medicine independently from one another. The offices included separate consultation rooms which contained desks, chairs, and a library. Upon the formation of On-Ri-Ga, Dr. Onofrio and Dr. Riggs decided to retain their office location and redesign a portion of it. One of the consultation rooms was eliminated and the waiting area for patients was expanded. On July 1, 1970, both doctors entered into employment agreements with On-Ri-Ga. They continued to practice medicine in the same manner as they did when they were sole practitioners with one exception. Dr' Onofrio and Dr. Riggs divided the workload in such a manner that one would conduct surgery at the hospital one day while the other worked in the On-Ri-Ga offices *346 treating patients and receiving new patients. This procedure resulted in each doctor being responsible for surgery at the hospital every other day. Petitioners contend that it was necessary to maintain offices at their respective residences because On-Ri-Ga failed to provide its physician-employees with a suitable office for carrying on a significant portion of corporate activities which did not involve direct patient contact. Further, petitioners argue that On-Ri-Ga was unable to provide adequate facilities because of a lack of space and fully expected the physician-employees to perform significant duties at their respective home offices. Respondent relies on Sharon v. Commissioner,66 T.C. 515 (1976), appeal pending (9th Cir. Dec. 20, 1976), and argues that even though it might have been appropriate and helpful for Dr. Onofrio and Dr. Riggs to do their paper work at home, it does not entitle them to a deduction. We agree with respondent. Petitioners agreed to redesign the corporate offices of On-Ri-Ga which resulted in the elimination of one consultation room. They knew at the time they decided to eliminate one of the consultation rooms the required paper *347 work involved in their practice based on their experience as sole practitioners. Dr. Onofrio testified that when Dr. Riggs was in the office he was not. He also testified that corporate business not involving direct patient contact was conducted not only at home but also at the hospital and at the On-Ri-Ga offices. Moreover, the employment agreement which Dr. Onofrio and Dr. Riggs signed contained a clause (paragraph 6.4) which provided for adequate office facilities. The agreement did not require the physician-employees to maintain an office at their respective residences. Dr. Riggs testified that one of the reasons for working at his home was due to the danger involved while working at the On-Ri-Ga office during the evening hours. These facts demonstrate that the home office expenses incurred by petitioners were for personal convenience and not as a condition to their employment with On-Ri-Ga. While the use of the home office might be appropriate and helpful, it does not satisfy the requirements set out in Sharon v. Commissioner,supra.Therefore, we hold that the home office expenses incurred by petitioners in maintaining their home office are nondeductible *348 under section 262. Issue 4. Sale of Automobile
The next issue for decision is whether Petitioner Dr. Onofrio realized a gain on the sale of his personally owned automobile. Dr. Onofrio owned a 1969 Cadillac during 1971. He sold the automobile to Vallee N. Bowe, Inc., on December 27, 1971, for $3,629.35. Dr. Onofrio's basis in the automobile was $2,276.53 at the time of the sale. The Commissioner determined that Dr. Onofrio realized a gain on the sale in the amount of $1,352.82. Dr. Onofrio has offered no evidence to establish that he did not realize a gain on the sale of his automobile. The burden of proof is on petitioner to establish that the Commissioner's determination is erroneous. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Therefore, we hold that Dr. Onofrio realized a gain of $1,352.82 on the sale of his 1969 Cadillac for the taxable year 1971. Respondent further takes the position that Petitioners Dr. Onofrio and Dr. Riggs received constructive dividends during the taxable years 1971 and 1972 to the extent of reimbursement payments from On-Ri-Ga which related to commuting expenses *349 and professional development expenses. Expenditures by a corporation for the personal benefit of its shareholders result in the receipt by the shareholders of a constructive dividend.[10]Nicholls, North, Buse Co. v. Commissioner,56 T.C. 1225 (1971); Commissioner v. Riss,374 F.2d 161 (8th Cir. 1967); Challenge Manufacturing Co. v. Commissioner,37 T.C. 650 (1962). Dr. Onofrio and Dr. Riggs, who were the only shareholders of On-Ri-Ga, received the benefit of using the corporation's automobiles from commuting between their respective residences and places of employment. The travel expenses of Mrs. Onofrio for which Dr. Onofrio was reimbursed likewise constitute a constructive dividend to Dr. Onofrio. Silverman v. Commissioner,28 T.C. 1061 (1957), affd. 253 F.2d 849 (8th Cir. 1958). Petitioner On-Ri-Ga contends that if such amounts are taxable to Dr. Onofrio and Dr. Riggs, they should be regarded as additional compensation rather than dividends. In support of this contention, Dr. Onofrio and Dr. Riggs rely on paragraph 6.5 *350 of the Employment Agreement which comes under the general heading of compensation. Paragraph 6.5 provides: The Corporation shall reimburse the Employee for travel and other expenses reasonably and necessarily incurred by the Employee in the performance of his duties pursuant to this agreement. [Emphasis added.] However, we have held that the automobile expenses and the travel expenses were not reasonably and necessarily incurred by On-Ri-Ga and, therefore, cannot come under the provisions of paragraph 6.5 of the Employment Agreement. Accordingly, the reimbursement payments received by petitioners which included automobile expenses for the taxable years 1970 and 1971 and travel expenses for the taxable year 1971 must be characterized as constructive dividend payments. Decisions will be entered under Rule 155. Footnotes
1. Cases of the following petitioners are consolidated herewith: Ralph J. Onofrio and Anna T. Onofrio, docket No. 2558-74; and Joseph A. Riggs and Lola Riggs, docket No. 2559-74.↩
*. The deficiencies as determined by the Commissioner are for the taxable year ended June 30.↩
2. On-Ri-Ga is a professional corporation which provides obstetrical and gynecological medical and surgical services. Dr. Onofrio and Dr. Riggs as employees of On-Ri-Ga are medical doctors specializing in the field of obstetrics and gynecology. ↩
3. Dr. Onofrio and Dr. Riggs were the only stockholders of On-Ri-Ga.↩
4. Dr. Onofrio and Dr. Riggs conducted their respective individual medical practice in the same office in Camden, New Jersey. As sole practitioners, each doctor had his own consultation room.↩
5. The Employment Agreement did not require Dr. Onofrio and Dr. Riggs to maintain offices at their respective residences.↩
*. These figures represent the total mileage of the automobiles driven by Dr. Onofrio and Dr. Riggs.↩
6. During the taxable years ended June 30, 1971 and June 30, 1972, Dr. Onofrio and Dr. Riggs traveled 10,829 miles per year and 5,851 miles per year, respectively. ↩
7. ↩ Petitioners
1971
1972
Dr. Onofrio
1,274 miles
4,172 miles
Dr. Riggs
4,336 miles
3,546 miles
8. Mrs. Onofrio is a registered nurse.↩
9. All section references are to the Internal Revenue Code of 1954, as amended.↩
10. See Perrotto v. Commissioner,T.C. Memo 1977-99↩.