T.C. Memo. 1997-78

UNITED STATES TAX COURT

VICTOR M. VAZQUEZ, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22455-95.                       Filed February 13, 1997.

Victor M. Vazquez, Jr., pro se.

<u>Michael W. Lloyd</u> and <u>Christopher L. Neal</u>, for respondent.

MEMORANDUM OPINION

POWELL, <u>Special Trial Judge</u>:  This case was assigned
pursuant to the provisions of section 7443A(b)(3) and Rules 180,
181, and 182.[1]

Respondent determined a deficiency in petitioner's Federal
income tax for the taxable year 1992 in the amount of $818.  At

---

[1]  Unless otherwise indicated, section references are to the
Internal Revenue Code in effect for the year in issue, and Rule
references are to the Tax Court Rules of Practice and Procedure.

the time he filed his petition, petitioner resided in Aurora, Colorado.

The sole issue is whether petitioner is required to include in his gross income an amount paid by the U.S. Army (Army) in satisfaction of a portion of his existing student loan balance.

The facts may be summarized as follows. Prior to enlisting in the Army, petitioner incurred student loans to finance his undergraduate degree. Petitioner enlisted in the Army on June 20, 1989. An enactment known as the Department of Defense Educational Loan Repayment Programs, 10 U.S.C. sec. 2171 (1988), authorizes the Secretary of Defense to repay certain student loans in exchange for service performed on active duty as an enlisted member in a military specialty specified by the Secretary. During 1991, petitioner completed a year of service on active duty in the Army. In 1992, as a result of the prior year's service, the Army paid $2,985.86 toward petitioner's outstanding student loan balance (the Army loan repayment).

On a 1992 Federal income tax return, petitioner did not report any income as a result of the Army loan repayment. In the notice of deficiency, respondent determined that petitioner failed to include the Army loan repayment in his 1992 gross income.

Section 61(a) defines gross income broadly as "all income from whatever source derived". The Supreme Court "has given a

liberal construction to this broad phraseology in recognition of the intention of Congress to tax all gains except those specifically exempted." Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 430 (1955). Gross income specifically includes compensation for services and income from discharge of indebtedness. Sec. 61(a)(1), (12). A payment by an employer in satisfaction of a liability of an employee generally constitutes taxable income to the employee. Old Colony Trust Co. v. Commissioner, 279 U.S. 716, 729-730 (1929); Huff v. Commissioner, 80 T.C. 804, 814-815 (1983). While Congress may provide for exclusions from gross income, such exclusions are matters of legislative grace and are construed narrowly. Mostowy v. United States, 966 F.2d 668, 671 (Fed. Cir. 1992); see also Silverman v. Commissioner, 28 T.C. 1061, 1067-1068 (1957), affd. 253 F.2d 849 (8th Cir. 1958). A taxpayer seeking a deduction or exclusion "must be able to point to an applicable statute and show that he comes within its terms." See New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Petitioner has not argued that any specific statutory exclusions apply to exempt the payment from gross income, and we are not aware of any that apply. Petitioner, however, argues that he has been unfairly treated because military personnel in other professions, such as nurses and doctors, receive tax exempt educational subsidies. Assuming arguendo that petitioner's

characterization of the law is correct, his remedy lies with Congress. We are not at liberty to create exceptions to the Internal Revenue Code. See id. at 440. Thus, we conclude that the Army loan repayment constitutes gross income within the meaning of section 61.

Petitioner also argues that the imposition of interest is inappropriate since he did not receive a Form W-2 reflecting the Army loan repayment and, therefore, had no way of knowing that the Army loan repayment constituted gross income. Generally this Court has no jurisdiction in a deficiency proceeding over interest questions. White v. Commissioner, 95 T.C. 209, 213 (1990). Section 7481(c) provides that this Court may redetermine interest, but only after the decision in a case has become final, the interest has been assessed, and the taxpayer has paid the interest in dispute. See Pen Coal Corp. v Commissioner, 107 T.C. 249, 263 (1996). These conditions are not present in this case. Furthermore, while section 6404(g), added by section 302 of the Taxpayer Bill of Rights 2, Pub. L. 104-168, 110 Stat. 1452, 1457 (1996), authorizes this Court to review the Secretary's failure to abate interest with respect to requests for abatement made after July 30, 1996, under section 6404(e), petitioner has not shown that he has made such a request. See Rule 280(b); Coffield v. Commissioner, T.C. Memo. 1996-365.

To reflect the foregoing,

Decision will be entered for respondent.